**John VOLPE, individually and on behalf of others similarly situated,**
**Plaintiff-Appellant,**

v.

**AMERICAN LANGUAGE COMMUNICATION CENTER, INC., DBA American Language Communication Center, Jean Pachter, Peter Pachter, Defendants-Appellees.**

No. 16-2869-cv

United States Court of Appeals,
Second Circuit.

June 5, 2017

FOR APPELLANT: JOSHUA S. ANDRO-PHY, Michael Faillace & Associates, P.C., New York, NY.

FOR APPELLEES: ANDREW M. SPURCHISE (Sean A. Malley, on the brief), Littler Mendelson P.C., New York, NY.

PRESENT: ROBERT D. SACK, RAYMOND J. LOHIER, JR., Circuit Judges, PAUL A. CROTTY, District Judge.*

### SUMMARY ORDER

John Volpe appeals from a judgment of the District Court (Daniels, J.) dismissing his complaint. Volpe argues that he and other similarly situated teachers are not exempt from the Fair Labor Standards Act's overtime requirements, see 29 U.S.C. § 213(a)(1), because facilities like American Language Communication Center ("ALCC"), where Volpe taught, are not "educational establishment[s]" under Department of Labor regulations, see 29 C.F.R. §§ 541.303(a), 541.204(b). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In another case involving both Volpe and his counsel, we recently held that certain other facilities providing English-language instruction were "educational establishment[s]" under 29 C.F.R. § 541.204(b). Fernandez v. Zoni Language Ctrs., Inc., No. 16-1689, 858 F.3d 45, 46, 2017 WL 2293544, at *1 (2d Cir. May 26, 2017). At oral argument, Volpe's counsel conceded that a decision in Fernandez would control this appeal, as the cases involved the same issues except for one (in our view immaterial) factual distinction regarding the date on which ALCC was accredited. See Oral Arg. Audio at 0:30–2:48. Here, as in Fer-

* Judge Paul A. Crotty, of the United States District Court for the Southern District of

nandez, "the pleadings themselves established" that Volpe was a teacher employed by ALCC " 'with a primary duty of teaching' in order to 'impart[ ] knowledge,' " and therefore was a "teacher in an educational establishment." Fernandez, 858 F.3d at 54, 2017 WL 2293544, at *7 (quoting 29 C.F.R. § 541.303(a)). "Other evidence ... such as [ALCC's] state licensure and national accreditation ... only reinforces that conclusion." Id.

We have considered Volpe's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.